UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| JENNIFER ARDELL LANE and <br> CRANDALL DEE LANE, <br> <br> Plaintiffs, <br> <br> v. <br> <br> NPC INTERNATIONAL, INC., d/b/a <br> PIZZA HUT, <br> <br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) No. 3:18-CV-223-DCP <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## **MEMORANDUM OPINION**

This case is before the undersigned pursuant to 28 U.S.C. § 636(c), Rule 73 of the Federal Rules of Civil Procedure, and the consent of the parties, for all further proceedings, including entry of judgment [Doc. 9].

Now before the Court is Defendant's Motion for Dismissal as Sanction for Plaintiffs' Discovery Violations, or Alternatively, for Other Appropriate Sanctions ("Motion for Dismissal") [Doc. 25]. The Court entered an Order [Doc. 28] directing Plaintiffs to appear before the undersigned on May 30, 2019, to show cause why Defendant's Motion for Dismissal should not be granted. Plaintiffs did not appear at the May 30 show cause hearing. Attorney Erin Gomez appeared on behalf of Defendant. Accordingly, for the reasons further explained below, the Court finds Defendant's Motion for Dismissal [**Doc. 25**] well taken, and it is **GRANTED**.

## I. BACKGROUND

Plaintiffs originally filed their action in Circuit Court for Jefferson County, Tennessee. [Doc. 1-1]. On June 6, 2018, Defendant removed Plaintiffs' Complaint to this Court. [Doc. 1].[1] Specifically, Plaintiffs' Complaint against Defendant seeks damages resulting from Plaintiff Jennifer Lane tripping on an alleged "uneven, broken, misplaced or misapplied flooring" in Defendant's store. [Doc. 1-1 at ¶¶ 4,7]. Defendant Crandall Lane alleges loss of consortium. [*Id.* at ¶ 15]. Defendant filed its Answer [Doc. 6] to the Complaint on June 15, 2018.

On September 10, 2018, Defendant served Plaintiffs with Interrogatories and Requests for Production of Documents. Plaintiffs did not respond to these discovery requests under the time provided in the Federal Rules. After several communications with Plaintiffs' now, former counsel, Attorney Taylor, Defendant received incomplete and unsigned interrogatory responses on February 12, 2019.

On March 7, 2019, Attorney Taylor and Attorney Gomez appeared before the undersigned via telephone with respect to Plaintiff Jennifer Lane's overdue discovery responses. [Doc. 24].[2] During the telephone conference, Attorney Taylor explained his attempts to contact Plaintiffs and stated that he was having difficulties contacting them. On the same day, the Court ordered Plaintiff Jennifer Lane to respond to Defendant's Interrogatories and Requests for Production of Documents on or before March 25, 2019. [*Id.*]. The Court noted that if Plaintiff Jennifer Lane failed to respond to the outstanding discovery requests by the March 25 deadline, Defendant may move for the appropriate sanctions. [*Id.*]. The Court warned Plaintiff Jennifer Lane that future discovery abuses

---

[1] As explained below, Plaintiffs were originally represented by Attorney William Taylor. Attorney Taylor requested to withdraw from representing Plaintiffs in this case on April 15, 2019. The Court granted [Doc. 29] his request on May 10, 2019.

[2] During the telephone conference, Defendant only raised Plaintiff Jennifer Lane's discovery deficiencies.

that approach the magnitude of the previous failure may lead to sanctions, up to and including dismissal of this case. [*Id.*]. The Court directed Attorney Taylor to send the Court's Order to Plaintiffs via certified mail. [*Id.*].

Plaintiff Jennifer Lane did not respond to the discovery requests as ordered by the Court, prompting the instant Motion for Dismissal, which was filed on March 28, 2019. On April 9, 2019, the Court issued an Order [Doc. 28] directing Plaintiffs to appear before the undersigned on May 30, 2019, to show cause why Defendant's Motion for Dismissal should not be granted.[3] The Order also warned Plaintiffs that the failure to attend the hearing may lead to sanctions, up to and including dismissal of this case. [*Id.* at 2]. Subsequently, on April 15, 2019, Attorney Taylor filed a Motion to Withdraw, requesting that he be relieved from representing Plaintiffs in this case. On May 10, 2019, the Court granted [Doc. 29] Attorney Taylor's Motion to Withdraw.

## II. POSITIONS OF THE PARTIES

Defendant moves [Doc. 25] to dismiss this case, or in the alternative, moves for sanctions against Plaintiffs for their continued failure to respond to the discovery requests. Specifically, Defendant requests the Court to dismiss Plaintiffs' Complaint as a sanction under Federal Rule of Civil Procedure 37. Defendant argues Plaintiffs "have completely disengaged from this lawsuit." [Doc. 26 at 1]. Moreover, Defendant maintains that Plaintiffs have ignored and failed to correspond with their former attorney. In addition, Defendant emphasizes that Plaintiffs' repeated failures to participate in their own case have wasted the Court's and Defendant's resources.

Defendant further asserts that Plaintiffs' failure to meet discovery requirements is willful and that Defendant has been prejudiced by such conduct. Defendant argues that Plaintiffs were warned that the failure to cooperate could lead to dismissal of their case and that sanctions less

---

[3] The Court mailed the Order [Doc. 28] directly to Plaintiffs.

drastic than dismissal would not remedy Plaintiffs' previous discovery abuses. Alternatively, in the event the Court refuses to dismiss Plaintiffs' case, Defendant requests the Court to impose other sanctions permitted under Rule 37.

## III. ANALYSIS

The Court notes that Plaintiffs did not respond to the Motion for Dismissal, and the time for doing so has expired. *See* E.D. Tenn. L.R. 7.2. ("Failure to respond to a motion may be deemed a waiver of any opposition to the relief sought."). As stated above, Plaintiffs failed to respond to Defendant's discovery requests or communicate with Attorney Taylor. Further, Plaintiffs did not appear at the show cause hearing, and therefore, they failed to provide the Court with reasons as to why this case should not be dismissed. Accordingly, the Court finds Defendant's Motion for Dismissal [**Doc. 25**] well taken, and the same shall be **GRANTED**.

Defendant moves to dismiss, or in the alternative, for other sanctions as outlined in Rule 37(b)(2)(A). Specifically, Rule 37(b)(2)(A)(i)-(vii), provides as follows:

> **(2) Sanctions Sought in the District Where the Action Is Pending.**
>
> **(A)** For Not Obeying a Discovery Order. If a party or a party's officer, director, or managing agent--or a witness designated under Rule 30(b)(6) or 31(a)(4)--fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders. They may include the following:
>
> > **(i)** directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
> >
> > **(ii)** prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
> >
> > **(iii)** striking pleadings in whole or in part;

> **(iv)** staying further proceedings until the order is obeyed;
>
> **(v)** dismissing the action or proceeding in whole or in part;
>
> **(vi)** rendering a default judgment against the disobedient party; or
>
> **(vii)** treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

The Sixth Circuit has explained that in determining whether to dismiss an action as a sanction, courts should consider the following four factors:

> (1) whether the party's failure to cooperate in discovery is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's failure to cooperate in discovery; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Harmon v. CSX Transp., Inc.,* 110 F.3d 364, 366–67 (6th Cir. 1997) (quoting *Regional Refuse Sys., Inc. v. Inland Reclamation Co.,* 842 F.2d 150, 153-55 (6th Cir. 1988)).

The Court has considered the above factors, and the Court finds it appropriate to dismiss this action for Plaintiffs' discovery abuses and lack of interest in this case. *See* Fed. R. Civ. P. 37(b)(2)(A)(v) and (d)(3); *see also* Fed. R. Civ. P. 41(b) (explaining that a plaintiff's case may be dismissed based on his/her failure to prosecute). As outlined above, Defendant served Plaintiffs with discovery requests on September 10, 2018. As of this date, the discovery responses remain outstanding. Given that Plaintiffs have not responded to Defendant's Motion for Dismissal or appeared at the show cause hearing, the Court finds their failure to act willful. Further, the Court finds that their failure to participate in discovery prejudicial to Defendant. Defendant explained at the hearing that it has not received a complete copy of Plaintiff Jennifer Lane's medical bills or lost wages. In addition, Defendant explained at the hearing that Plaintiffs claimed that they took

photographs of the floor at or near the time of the accident, and these photographs have not been produced. Defendant cannot prepare a meaningful defense for the trial on September 17, 2019, when Plaintiffs have failed to participate in discovery. Further, several deadlines have already expired in this case, including the deadline to complete discovery. *See* [Doc. 15 at 3].

In addition, the Court has warned Plaintiff Jennifer Lane that the failure to respond to discovery may lead to sanctions, including dismissal. [Doc. 24]. Although the Court's previous warning was not issued to Plaintiff Crandall Lane, the Court issued a show cause Order [Doc. 28] to both Plaintiffs when they failed to respond to Defendant's Motion for Dismissal. The Court's Order admonished both Plaintiffs that the failure to attend the hearing may lead to sanctions, up to and including dismissal. [*Id.* at 2]. Neither Plaintiff responded to the Motion for Dismissal, nor did they appear at the show cause hearing.

Finally, with respect to the last factor, the Court has considered less drastic sanctions (i.e., awarding Defendant's expenses for pursuing discovery responses), but the Court finds less drastic sanctions would not remedy the issues. First, as mentioned above, many of the deadlines have expired in this case, including the discovery deadline, and the trial in this matter is approximately two months away. In addition, it appears to the Court that Plaintiffs have loss interest in this case. The purpose of the show cause hearing was for Plaintiffs to explain to the Court why this case should not been dismissed. At the show cause hearing, the Court would have further explored less drastic sanctions and discussed with Plaintiffs the importance of participating in discovery. As mentioned above, however, Plaintiffs did not appear at the show cause hearing, and the Court simply will not make Plaintiffs pursue their own case. Accordingly, the Court finds that the above factors weigh in favor of dismissing this action.

## IV. CONCLUSION

Accordingly, for the reasons set forth above, Defendant's Motion for Dismissal as Sanction for Plaintiffs' Discovery Violations, or Alternatively, for Other Appropriate Sanction [**Doc. 25**] is **GRANTED**. The Court will enter a separate Judgment directing the Clerk to close this matter.

ORDER ACCORDINGLY.

_____
Debra C. Poplin
United States Magistrate Judge